**DAVILA v. SALAS et al.**

No. 11375.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 2, 1944.

G. Woodson Morris, of San Antonio, for appellant.

Ruben R. Lozano, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Marcelino Salas against his then wife, Maria Covarrubias de Salas, seeking a divorce and a division of the community property. The wife answered, claiming the property as her separate property and seeking a divorce upon her cross-action.

Porfirio Arana, a minor, suing by next friend, Manuel A. Davila, intervened in the case, claiming all the property held by the Salases as his own. He alleged that he was the son of Mrs. Salas by a former marriage and had inherited the property from his grandmother. His grandmother, Delfina M. de Covarrubias, died on or about August 23, 1932, and in her will left all of her property to him. He further alleged that his mother and Marcelina Salas had been in possession of the property for many years and had never accounted to him for any of the revenue from the property.

The trial court, upon its own motion, entered an order severing the cause of action asking for an accounting from the remainder of the cause and proceeded to trial upon all phases of the case other than an accounting.

The trial began to a jury but at the close of the evidence the court discharged the jury and rendered judgment as a matter of law.

The divorce was granted to defendant upon her cross-action, the custody of plaintiff's and defendant's three minor children was given to defendant, plaintiff being required to pay the sum of $15 per month for their support. The property located at 1001 El Paso Street was awarded to the intervener and all other property was declared to be the community property of plaintiff and defendant and was divided between them in keeping with an agreement entered into between defendant and plaintiff. The attorney for defendant was allowed a fee of $1,000 and attorney for intervener was allowed a fee in the sum of $750.

From this judgment intervener, Porfirio Arana, a minor, acting herein by next friend, Manuel A. Davila, has prosecuted this appeal.

There is no complaint on the part of any one as to that part of the judgment which grants the divorce, awards the custody of the minors, provides for their support and allows attorneys' fees, so accordingly such part of the judgment will be in all things affirmed.

The alleged error complained of in this appeal relates entirely to the disposition made of the property involved.

Mrs. Delfina M. de Covarrubias originally owned the property at 1001 El Paso Street, known as the "Mexican Manhattan Cafe." She was the mother of Mrs. Maria C. de Salas, and the grandmother of the minor, Porfirio Arana. This minor was the son of Maria C. de Salas by a former marriage. Mrs. Covarrubias died on or about August 23, 1932, leaving a will in which Francisco Garcia was named as independent executor and all of her property was left to her minor grandson, Porfirio Arana. The will was probated and the property at 1001 El Paso Street was turned over to Maria C. de Salas, and she has ever since run and operated this restaurant or cafe. On or about October 25, 1937, she was married to Marcelino Salas. On July 18, 1942, he brought a suit against Maria C. de Salas for divorce. On April 4, 1943, Porfirio Arana, acting by next friend, Manuel A. Davila, intervened in that suit, alleging that all the property claimed by the plaintiff and defendant as community property was in fact his property, as it had either been inherited by him from his grandmother or it had been purchased with the revenues derived from the property devised to him by his grandmother. After the case had gone to trial before a jury, the trial court, without being requested to do so by any party to the suit, severed that part of Arana's cause of action which asked for an accounting from the remainder of the cause of action and then, when the evidence was all introduced, discharged the jury over the objection of Arana and decided the case as a matter of law.

The plaintiff Marcelino Salas did not appear or give evidence at the trial. The defendant, Maria C. de Salas, testified that she had operated the "Mexican Manhattan" from 1932 up to and including the present time. That the various pieces of property described in the pleadings had been bought with money derived from the operation of the "Mexican Manhattan." That there were purchase money liens against all the property. She further testified that Marcelino Salas had earned no money and had put no money into these properties. This testimony was sufficient to raise a fact issue, if in fact it was not conclusive that the minor Porfirio Arana owned the equitable title to the property, and would certainly preclude the trial judge from finding as a matter of law that such minor had no legal or equitable interest in the property. This evidence shows at least that the minor's money had been commingled with that of the plaintiff and defendant, and the burden of showing what part of the purchase money belonged to the minor and what part belonged to plaintiff and defendant was not on the minor, but upon the parties responsible for the commingling. Eaton v. Husted, Tex.Sup., 172 S. W.2d 493.

It occurs to us that under the circumstances the division of the property could not be made properly without an accounting between the parties. In the absence of an accounting, the trial court could only award the entire property to the minor, which the record shows would not have been a just and fair disposition of the same.

The judgment, insofar as it attempts to make disposition of the property involved, will be reversed and remanded for a new trial as to this phase of the case.